**EFiled: Nov 30 2015 09:30AM EST**
**Transaction ID 58220261**
**Case No. 8213-MA**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

November 30, 2015

*Via* **File&Serve***Xpress*
**and First Class Mail**

Mr. Paul E. Weber
4002 Golfview Drive
Newark, DE 19702

Gary A. Bryde, Esquire
Law Offices of Gary A. Bryde, P.A.
724 Yorklyn Road, Suite 100
Wilmington, DE 19807

Re: *Weber, Paul E. (Monds, Michael Christopher, minor)*
*v. Weber, Charles J., Jr.*
C.A. No. 8213-MA (VCN)
Date Submitted: September 1, 2015

Dear Mr. Weber and Mr. Bryde:

Plaintiff Paul E. Weber ("Mr. Weber") seeks specific performance of an oral contract he allegedly made with his brother, Defendant Charles J. Weber, Jr. (the "Defendant"), to share their mother's estate, notwithstanding the mother's probated will which left everything to the Defendant.

Mr. Weber has taken exceptions, under Court of Chancery Rule 144, to the Master's Final Report of April 20, 2015, which rejected his efforts to file three motions—partial summary judgment, "suppress" a deposition, and bifurcation

and/or amendment—as untimely. Two of the motions generally relate to a "defense fund" of $86,000 allegedly established by his mother for his benefit.[1] On February 17, 2014, the Master entered a case scheduling order that required that any motion was to be filed on or before August 11, 2014. Mr. Weber did not file the motions until November 5, 2014, almost three months after the deadline.

Mr. Weber asks to be excused from the sanctions imposed by the Master resulting from his failure to comply with the case management order. He argues that the Defendant did not disclose the existence of the defense fund until Defendant's motion for summary judgment, which the Master denied.[2] That motion was filed as a "speaking motion" on August 11, 2014. Defendant's opening brief was filed on September 17, 2014. The Court, after reviewing this matter *de novo*, rejects Mr. Weber's contentions and confirms and adopts the Master's Final Report.

---

[1] Whether the fund was a gift to him or simply an allocation of her funds for convenience is a question that does not need to be addressed now.

[2] He had argued to the Master that he did not learn of the fund's existence until September 17, 2014, when he claims to have received his service copy.

First, it is not clear that Mr. Weber learned of the $86,000 fund, the impetus

for all three motions, on August 11, 2014, on September 17, 2014, or at some other

(but earlier) time. The document which serves as an accounting of the fund bears a

notation by Defendant's lawyer's paralegal that it was forwarded to Mr. Weber on

June 26, 2014.[3] That is the date, according to the Notice of Service (of a discovery

response) found among the Court's records, on which it is most likely that the

document was transmitted to Mr. Weber. Mr. Weber asserts that the information

was later sent to him, along with Defendant's summary judgment motion or brief.

The summary judgment papers, filed with the Court on August 11, 2014 (the

motion) and September 17, 2014, (the opening brief), do not include the account

summary document.[4] If Mr. Weber learned of the defense fund in June 2014, he

---

[3] Def. Charles J. Weber Jr.'s Answering Br. in Opp'n to Pl.'s Exceptions to the Master's Report Dated Apr. 20, 2015 Ex. D ("Ramunno Account").

[4] There is a reference in Defendant's brief to "$85,000 for [the mother's] alleged promise to pay [Mr. Weber's] criminal defense costs." Def. Charles J. Weber Jr.'s Opening Br. in Supp. of His Mot. for Summ. J. 2. That reference, however, is based upon a Statement of Claim Mr. Weber filed on August 8, 2010, with the Register of Wills in which he sought $528,000. One item identified in the Statement of Claim was "$85,000 Promise of [the mother] to pay for [Mr. Weber's] legal costs in New Castle County Superior Court . . . ." *See* Complaint

had more than sufficient time either to bring his motions timely or to seek an extension of the deadline. He exercised neither of those options, and his failure to meet a reasonable deadline in a case scheduling order merits the consequences that the Master imposed.

Second, and more importantly, even if Mr. Weber did not learn of the defense fund until August 11, 2014 (or perhaps until September 17, 2014, as he claims), he unreasonably delayed taking any action for a significant period of time. Had he either filed the motions or sought an extension promptly after he learned of the defense fund, this might be a very different question. Yet, he has offered no reason to justify what otherwise appears to be an unwarranted delay; that shortcoming supports enforcement of the case scheduling order's deadline.

---

Ex. A, *Weber v. Weber*, C.A. No. 6284-MA. Thus, Mr. Weber had known for some time about the approximately $85,000 that might be used for his defense costs. That does not necessarily demonstrate knowledge that a defense fund may have been formally established.

There is also a memorandum, dated September 9, 2009, bearing Defendant's name, which, in describing a transfer of his mother's funds, states that he "left approximately $86,000 of her funds . . . as a reserve for payment of Attorney Lee Ramunno and any emerging needs." Pl.'s Mot. for Partial Summ. J. Ex. D.

In sum, the Master's rejection of the motions was appropriate either because Mr. Weber had learned of the defense fund well in advance of the deadline or because Mr. Weber, if he learned of the defense fund on August 11, 2014, failed to move with reasonable dispatch to protect his interests.[5]

Accordingly, the Master's Final Report is confirmed and adopted as the Court's final order on this aspect of these proceedings. The three motions are denied. Further proceedings in this action are to be in the Master's jurisdiction.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:   The Hon. Kim Ayvazian
       Register in Chancery-K

---

[5] Mr. Weber filed another action on March 16, 2011, *Weber v. Weber*, C.A. No. 6284-MA (Del. Ch.), to pursue claims against his mother's estate. That action was dismissed because of his failure to prosecute. He has indicated an intention to reopen that matter under Court of Chancery Rule 60(b), citing the defense fund as newly discovered evidence. *See* Letter of Paul E. Weber (July 17, 2015).